## AUDIRSCH v. TEXAS & P. RY. CO.

### Civ. No. 2985.

United States District Court
W. D. Louisiana, Shreveport Division.

Feb. 19, 1951.

Booth, Lockard & Jack, Shreveport, La., for plaintiff.

Cook, Clark & Egan, Shreveport, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff brought this suit in tort for injuries to his minor son, nineteen years of age, alleged to have been received in a collision between the automobile driven by young Audirsch and a train of defendant. Motions for a directed verdict were denied with the statement that if a verdict for plaintiff was returned, the court would then consider the matter further on motion for judgment notwithstanding the verdict. In this way, the case could be finally disposed of without a second trial, should the appellate court disagree with this court's action; whereas it would have to be sent back if the verdict was improvidently directed.

It is believed that the testimony of the injured youth himself, as well as other facts and circumstances, shows him to have been guilty of contributory negligence, which was the proximate cause of the accident. Without question, he had a clear view of the tracks of defendant in the direction from which the train approached for a distance of sixty-seven feet to the nearest rail upon which the train was traveling. He testified that he was moving at about ten miles per hour, and there was nothing to keep him from seeing the headlight of the engine at about one o'clock A.M., in time to stop and avoid the collision except his failure to keep a proper lookout. He denied that the crossing

lights and bell were operating, and there is some slight corroboration of this statement, which of course was a jury question; but the court was impressed that even as to this, a fair preponderance of the evidence supported the contention of defendant that these signals were working and that the bell on the engine was rung. However, the conclusion now reached rests solely upon the clear proof of contributory negligence as a proximate cause of the injury.

For the reasons assigned, the motion for judgment notwithstanding the verdict will be granted. Proper decree should be submitted.